**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**NORTHERN DIVISION**

| | |
|---|---|
| TERRY G. WATSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:16CV71 PLC |
| | ) |
| KAREY L. WITTEY, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

Before the Court is plaintiff's motion for appointment of counsel. After reviewing the record before this Court, plaintiff's motion will be denied.

Plaintiff, an inmate at Moberly Correctional Center, has brought the present action before the Court pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act. The Court did a pre-service review of this action, pursuant to 28 U.S.C. § 1915, on March 9, 2017. In the pre-service review, the Court found that plaintiff's claims for deliberate indifference to his serious medical needs relative to his leg and back issue survive review with respect to Dr. Aschok Chada, Dr. Paul Jones and Cathy Barton (Corizon, LLC, employees). The Court found that several of plaintiff's ADA claims also survive review with respect to MDOC employees Lisa Pogue, Michelle Buckner, Correctional Officer Allen. *See* Memorandum and Order issued March 9, 2017, Docket No. 40. Plaintiff's additional claims, however, were dismissed.

There is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to

further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005.

Plaintiff has presented non-frivolous allegations in his complaint. However, he has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case are complex.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for appointment of counsel [Doc. #17] is **DENIED** without prejudice.

Dated this 20th day of March, 2017.

                                                   HENRY EDWARD AUTREY
                                                   UNITED STATES DISTRICT JUDGE