UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| TERRY G. WATSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:16CV71 PLC |
| ) | |
| KAREY L. WITTY, et al., ) | |
| ) | |
| Defendants. ) | |

## **OPINION, MEMORANDUM AND ORDER**

Before the Court is plaintiff's motion for injunctive relief. [Doc. #46] Also before the Court are two of plaintiff's "declarations," filed as stand-alone documents. [Doc. #44 and #45] After reviewing plaintiff's motion as well as the "declarations" presently before the Court, the Court will deny plaintiff's motion for injunctive relief and strike the "declarations" from the Court record.

### **Background**

Plaintiff, an inmate at Moberly Correctional Center ("MCC"), brings this action pursuant to 42 U.S.C. § 1983, as well as the Americans with Disabilities Act ("ADA"). The Court did a pre-service review of this action, pursuant to 28 U.S.C. § 1915, on March 9, 2017. In the pre-service review, the Court found that plaintiff's claims for deliberate indifference to his serious medical needs relative to his leg and back issue survive review with respect to Dr. Aschok Chada, Dr. Paul Jones and Cathy Barton (Corizon, LLC employees). The Court found that several of plaintiff's ADA claims also survive review with respect to MDOC employees Lisa Pogue, Michelle Buckner, Correctional Officer Allen. *See* Memorandum and Order issued

March 9, 2017, Docket No. 40. Plaintiff's additional claims, as well as several named defendants, however, were dismissed.

### "Declarations" filed by Plaintiff

In its March 9, 2017 Memorandum and Order, the Court struck from the record sixteen (16) stand-alone declarations filed by plaintiff in this action. The Court reminded plaintiff that he was told in the Court's December 2, 2016 Memorandum and Order that the Court does not accept amendments by interlineation or supplementation. In addition, the Court does not accept discovery to be filed as a stand-alone document in the Court record. Rather, discovery may only be filed as an attachment in support of a motion. *See* Eastern District of Missouri Local Rules.

Accordingly, plaintiff's declarations were stricken from the Court record. The Court will do the same with plaintiff's additional declarations filed in this matter and will once again inform plaintiff that "declarations" are not accepted as part of the Court record. Whether plaintiff is attempting to file supplements to his pleading or motions, or file with the Court discovery, neither practice is allowed. As such, these documents will be stricken. [Doc. #44 and #45] The Court will instruct the Clerk to return any additional stand-alone declarations mailed by the plaintiff to the Court. In accordance with this Court's Local Rules, these stand-alone documents will not be filed in the Court record unless they are sent in support of a motion or a pleading. The Court will now turn to plaintiff's newest motion for injunctive relief. [Doc. #46]

### Plaintiff's Motion for Injunctive Relief

Plaintiff's newest motion for injunctive relief relates to his request that the Court enjoin "defendants," including Lisa Pogue, from placing plaintiff in Administrative Segregation for purportedly making a false complaint against Correctional Officer Jackson. [Doc. #46] From the declaration attached to plaintiff's motion, it appears that on or about March 7, 2017, plaintiff

was climbing stairs on his way to entering his housing unit. He claims his hands were full and he was using his cane at the same time. He asserts that Correctional Officer Jackson told him loudly to "pull up his pants" in front of three other female correctional officers. He states that the statement was embarrassing to him and he immediately went and filed a "PREA" call to the hotline. PREA stands for Prison Rape Elimination Act.

Plaintiff claims that on March 14, 2017 he was called to the rotunda and issued a conduct violation for "making a false statement." Plaintiff asserts that in "his opinion" the conduct violation is in retaliation for the process issuing against Lisa Pogue in the last several days in this Court. However, the investigator relating to the conduct violation, Aaron Legrand stated that the camera shows that Correctional Officer Jackson did not say anything to plaintiff on the date he claims she told him to "pull up his pants."

This is plaintiff's ninth request for injunctive relief in this action, and defendants have not yet been served in this matter. In his prior requests for injunctive relief, plaintiff has sought: (1) an order to mandate Corizon to provide plaintiff with specific pain medications; (2) an order to mandate MDOC to order new construction at Moberly; (3) (three different requests for) orders requiring Corizon to make his Omeprazole medication part of the automatic renewal program; (4) an order enjoining Moberly from dispensing medication at meal times; (5) an order restricting MDOC from enforcing food visit policies against him; and (6) an order seeking relief against MDOC from verbally threatening him with removal from the library at MCC.

Plaintiff has seemingly trivialized the injunction process and attempted to use it as a sword and a shield. He has endeavored to use it as a means of using the Court to referee arguments between him and the Missouri Department of Corrections. That is not the role of the judicial system. "The dramatic and drastic power of injunctive force may be unleashed only

against conditions generating a presently-existing actual threat; it may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights." *Rogers v. Scurr,* 676 F.2d 1211, 1214 (8th Cir. 1981) (quoting *Holiday Inns of America, Inc. v. B & B Corp.*, 409 F.2d 614, 618 (3d Cir. 1969)).

The Court has reviewed the conduct violation report plaintiff attached to his motion and indeed, the matter does in fact have to do with plaintiff's actions concerning his call to the PREA hotline relative to his assertions about Correctional Officer Jackson. Therefore, the Court is perplexed as to why plaintiff believes that the Court should enjoin Lisa Pogue in this matter, as she is not identified as the investigator, one of the correctional officers involved in the alleged verbal harassment, or the purported individual who signed the conduct violation against plaintiff.[1] Additionally, plaintiff's claims in his motion have no relationship to those alleged in his complaint, and none of the perceived bad actors are named as defendants in his complaint. And once again, plaintiff is **anticipating** punishment – placement in Administrative Segregation – that he wishes the Court to enjoin, which may or may not come to fruition.

For plaintiff to prevail on his claim for injunctive relief, he must allege that he is likely to be subjected to the **unlawful activity** in the future. *O'Shea v. Littleton,* 414 U.S. 488, 495-96 (1974) (emphasis added).[2] "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief, however, if unaccompanied by any continuing, present adverse effect." *Id.* "A court issues a preliminary injunction in a lawsuit to preserve the

---

[1] To determine whether preliminary injunctive relief is warranted, the Court must balance threat of irreparable harm to movant, the potential harm to the nonmoving party should injunction issue, the likelihood of success on merits, and the public interest. *Dataphase Sys. v. CL Sys.*, 640 F.2d 109, 113-14 (8th Cir. 1981) (en banc).

[2] There is nothing unlawful, in and of itself, about Administrative Segregation, if plaintiff is found after due process, to merit such punishment. The Court does not interfere with lawful due process. It will only interfere with unlawful due process. Plaintiff has not shown, under the terms of *Dataphase*, that such unlawful due process is occurring.

status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits. Thus, a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). In this case, there is no relationship between the injury claimed in the motion and the conduct asserted in the complaint. Consequently, the motion for preliminary injunction will be denied.[3]

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's "declarations" [Doc. #44 and #45] are **STRICKEN** from the Court record.

**IT IS FURTHER ORDERED** that the Clerk shall not accept any additional "stand-alone" declarations from plaintiff in this case. If plaintiff attempts to file any additional "stand-alone" declarations with this Court that are not attached to a motion or pleading they shall be returned to plaintiff forthwith.

**IT IS FURTHER ORDERED** that plaintiff's motion for injunctive relief [Doc. #46] is **DENIED**.

**IT IS FURTHER ORDERED** that an appeal of the denial of his motion for injunctive relief would not be taken in good faith.

Dated this 20th day of March, 2017.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

---

[3] Moreover, the Court is mindful of the Eighth Circuit's admonition that "in the prison context, a request for injunctive relief must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.'" *Goff v. Harper,* 60 F.3d 518, 520 (8th Cir. 1995) (quoting *Rogers v. Scurr,* 676 F.2d 1211, 1214 (8th Cir. 1982)).