UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| TERRY G. WATSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:16CV71 PLC |
| | ) | |
| KAREY L. WITTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

Before the Court are plaintiff's motions to amend his complaint [Doc. #50 and #56], a motion for reconsideration of his motions for injunctive relief [Doc. #54], and two "evidentiary" motions [Doc. #49 and #53]. Also before the Court is a motion for injunctive relief. [Doc. #55] Additionally, plaintiff seeks leave to proceed in forma pauperis on an interlocutory appeal. [Doc. #58]

After reviewing plaintiff's motions in their entirety, the Court will deny plaintiff's motions for reconsideration and his motions to present evidence will be stricken from the Court record. Plaintiff's motions to amend his complaint will also be denied because he has not attached a proposed amended complaint to his motions. Plaintiff's motion for injunctive relief will also be denied for the reasons stated below. Plaintiff's motion to proceed in forma pauperis on appeal will be granted. An initial partial filing fee on appeal of $66.37 will be assessed.

**Background**

Plaintiff, an inmate at Moberly Correctional Center ("MCC"), brings this action pursuant to 42 U.S.C. § 1983, as well as the Americans with Disabilities Act ("ADA"). The Court did a pre-service review of this action, pursuant to 28 U.S.C. § 1915, on March 9, 2017. In the pre-

service review, the Court found that plaintiff's claims for deliberate indifference to his serious medical needs relative to his leg and back issue survive review with respect to Dr. Aschok Chada, Dr. Paul Jones and Cathy Barton (Corizon, LLC employees). The Court found that several of plaintiff's ADA claims also survive review with respect to MDOC employees Lisa Pogue, Michelle Buckner, Correctional Officer Allen. *See* Memorandum and Order issued March 9, 2017, Docket #40. Plaintiff's additional claims, as well as several named defendants, however, were dismissed. *Id.*

In its March 9, 2017 Memorandum and Order, the Court struck from the record sixteen (16) stand-alone declarations filed by plaintiff in this action. The Court reminded plaintiff that he was told in the Court's December 2, 2016 Memorandum and Order that the Court does not accept amendments by interlineation or supplementation. In addition, the Court does not accept discovery to be filed as a stand-alone document in the Court record. Rather, discovery may only be filed as an attachment in support of a motion. *See* Eastern District of Missouri Local Rules.

Accordingly, sixteen (16) of plaintiff's declarations were stricken from the Court record in the Court's March 9, 2017 Memorandum and Order. Nevertheless, plaintiff continued to file "declarations" with this Court. In the Court's March 20, 2017 Memorandum and Order, the Court not only struck two (2) additional "declarations" from the Court record, but it also instructed the Clerk of Court not to accept any additional stand-alone "declarations" from plaintiff in this action. Plaintiff was instructed that he could not file supplements to his pleadings or motions, or file with the Court discovery. Thus, in accordance with this Court's Local Rules, his stand-alone evidentiary "declarations" would not be filed in the Court record unless they are

2

sent in support of a motion or a pleading. The Court then examined plaintiff's ninth (9th) request for injunctive relief in this matter.[1]

## Discussion

### A. Motions to Amend Complaint

Before the Court are two motions to amend the complaint. [Doc. #50 and #56] On December 12, 2016, the Court issued a Memorandum and Order reviewing plaintiff's original complaint in this matter. *See* Docket #14. In that Memorandum and Order, the Court informed plaintiff that he needed to file an amended complaint in this action because he had, ". . .submitted various supplemental pleadings and 'evidence' in the form of multiple motions and various other 'exhibits.'" Plaintiff was then informed that the Court does not accept "amendments by interlineation," as neither the Court nor defendants should be required to comb through plaintiff's multiple filings to match-up allegations with defendants. In addition, plaintiff was informed at that time that in order to amend his pleading, he would be required to submit a proposed amended complaint, at the time he sought leave to amend. *See Popoalii v. Correctional Medical Services*, 512 F.3d 488, 497 (8th Cir. 2008). Moreover, "no supplements to his amended complaint, or exhibits or motions to the Court to "accept evidence," would be allowed during this premature pleading stage.

Despite being given these instructions in December, plaintiff has submitted two "supplements" to his amended complaint. In Docket #50 and #56 he seeks to change multiple

---

[1] In his prior requests for injunctive relief, plaintiff has sought: (1) an order to mandate Corizon to provide plaintiff with specific pain medications; (2) an order to mandate MDOC to order new construction at Moberly; (3) (three different requests for) orders requiring Corizon to make his Omeprazole medication part of the automatic renewal program; (4) an order enjoining Moberly from dispensing medication at meal times; (5) an order restricting MDOC from enforcing food visit policies against him; and (6) an order seeking relief against MDOC from verbally threatening him with removal from the library at MCC.

pleading errors in his amended complaint,[2] and he seeks to add a new count to his complaint as well. In short, he has identified his mistakes from this Court's Memorandum and Order and Order of Partial Dismissal issued on March 9, 2017, and he seeks to redress those errors by supplementing his amended complaint. He also seeks to add an additional count to his amended complaint in support of his newest motion for preliminary injunction. *See* Docket #52.

The Court will deny plaintiff's piece-meal attempts to amend his complaint in this action. As plaintiff has been told in this Court's prior Memoranda and Orders, he cannot supplement his pleading through amendments by interlineation. If plaintiff wishes to amend his second amended complaint, he must submit a motion to amend and attach his fully amended pleading to his amended complaint, written on a court-provided form.

### B. Motions for Reconsideration of Injunctive Relief

In plaintiff's motion for reconsideration of the denial of his request for injunctive relief [Doc. #54], plaintiff seeks reconsideration of the March 9, 2017 Memorandum and Order denying his request to restrict defendants from enforcing the "food visit policies" against him at Moberly Correctional Center. Plaintiff's original request for injunctive relief relating to the food visit policies is encompassed in Docket #28.

As noted in the March 9, 2017 Memorandum and Order, plaintiff wished to have a food visit with his family, but he stated that in order to have a food visit, an inmate needed to "earn" the visit by either working or attending a class. Plaintiff believed that the MCC policy requiring this was discriminatory when applied to persons who were "disabled." In his motion [Doc. #28], plaintiff asserted that he was "unable to work" and had a "four-year degree," so "requiring him

---

[2] Plaintiff seeks to address: (1) capacity pleading errors; (2) causal connection pleading errors; (3) factual pleading errors; (4) implausibility pleading errors; and (5) add a new count in support a separate motion for preliminary injunction. *See* Docket #50 and #56.

to attend classes that are far below his education level are redundant and purposeless" and violate his Fifth Amendment right.

The Court noted, in denying plaintiff's motion for injunctive relief, that plaintiff had not included a copy of the MCC Food Visit Policy. Additionally, plaintiff had not included factual information as to when he asked for and was denied a specific food visit. Indeed, as noted in the Court's Order, it was clear that the food visit plaintiff anticipated, had not yet occurred, and he had not yet grieved his alleged inability to participate in his purported food visit. Thus, plaintiff's motion for injunctive relief was denied.

In plaintiff's motion for reconsideration of the motion for injunctive relief [Doc. #54], plaintiff states that he was denied a food visit with his family on February 18, 2017. He claims that he asked his caseworker, Don Ridgeway, for a food visit on February 6, 2017, but he was told that MCC standard operating procedure required him to "work" fourteen (14) hours to earn such a visit. Plaintiff states that he filed an IRR relating to the denial, and it was denied. Plaintiff has attached a copy of his IRR to his motion, as well as the response to the IRR. Plaintiff has also attached a copy of the MDOC rules relating to food visits.

According to the IRR Response and the MDOC Guidelines, the MCC Food Visit Guidelines state that an offender must actively participate in any combination of approved "positive activities" for each of the three consecutive months immediately prior to any requested food visit.

"Approved programs, minimum of four hours of approved Restorative Justice Activities or volunteerism" were given as examples of "positive activities" in the IRR Response. Some specific examples of volunteerism that plaintiff could consider in order to gain a food visit were included in the Response: "painting housing units, gardening, planting flowers, assisting other

handicapped offenders, shredding paper, stamping MCC addresses on visiting forms, etc." In other words, plaintiff was provided several examples of activities in the Response to his IRR as a way to "earn" a food visit, rather than "working" in a manner that he believes to be impossible given his physical issues. On this basis, the Court must decline to reconsider denying his injunction.

At the bottom of plaintiff's motion for reconsideration, plaintiff seeks this Court's interference in an edict from his wife's probation officer, keeping her from visiting plaintiff in the prison. The Court cannot interfere with plaintiff's wife's probation officer's policy refusing to allow her to see him at the prison. His request must be denied.

### C. Motions for "Evidence"/Declarations to the Court

Before the Court are plaintiff's motions to accept as "evidence" certain declaratory statements and IRRs. [Doc. #49 and #53] As this Court has told plaintiff on multiple occasions, "discovery" or "evidence" may not be filed in the Court record. It may only be filed with this Court if it is filed in support of a motion or pleading.

Docket #49 is "evidence" of an IRR "relevant to the proceedings on continued discrimination." It has been filed as a stand-alone document and not in support of a motion or pleading, and therefore, it will be stricken from the Court record.

Docket #53 contains "declaratory statements" of witnesses "on the scene on March 4, 2017." These declarations have also been filed as stand-alone documents and they have not been filed in support of a document or pleading. As such, the documents will also be stricken from the Court record.

### D. Motion for Injunctive Relief

Before the Court is plaintiff's 10th motion for injunctive relief. [Doc. #55] Plaintiff's motion is, in actuality, a motion for reconsideration of his 9th request for injunctive relief, which was denied by this Court on March 20, 2017. *See* Docket #52.

In his 9th request for injunctive relief, plaintiff sought to enjoin unnamed defendants at Moberly Correctional Center, including Lisa Pogue, from placing him in Administrative Segregation for purportedly making a false complaint against Correctional Officer Jackson. *See* Docket #46. Plaintiff claimed that he was climbing stairs on his way to entering his housing unit on March 7, 2017 and that his hands were full and his pants were falling down. He asserted that Correctional Officer Jackson told him loudly to "pull up his pants" in front of three other female correctional officers. He stated that the statement was embarrassing to him and he immediately went and filed a "PREA" call to the hotline. PREA stands for Prison Rape Elimination Act. He claimed that as a result of his complaint, on March 14, 2017 he was called to the rotunda and issued a conduct violation for "making a false statement." Plaintiff asserted that in "his opinion" the conduct violation was in retaliation for process issuing against Lisa Pogue in this Court. However, the Investigator relating to the conduct violation, Aaron Legrand, stated that the camera showed that Correctional Officer Jackson did not say anything to plaintiff on the date he claimed she told him to "pull up his pants."

In its March 20, 2017 Memorandum and Order, [Doc. #52] the Court denied plaintiff his requested injunctive relief. The Court noted that plaintiff was attempting to use the injunction process as a way to referee disagreements between him and the Correctional Officers at the Missouri Department of Corrections. The Court also pointed out that a review of the conduct violation report attached to plaintiff's motion for injunctive relief revealed that none of the MDOC employees related to the matter (C.O. Jackson or the Investigator assigned to the matter),

7

were named as defendants in the amended complaint in this matter, nor did the allegations concern any of the facts alleged in the complaint. Thus, a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). The Court also noted that plaintiff was anticipating punishment – placement in Administrative Segregation – that may or may not come to fruition. And furthermore, plaintiff's claims in his motion have no relationship to the alleged bad actors in his amended complaint.

In his renewed motion for injunctive relief [Doc. #55], plaintiff asserts that he wishes to pursue an injunction against Lisa Pogue because on March 20, 2017, he was found guilty of making a false statement when he filed the PREA complaint against CO Jackson. He states that he received twenty (20) days in Disciplinary Segregation from Aaron LeGrand, and as a result, he cannot use the Law Library at the present time. Plaintiff believes that the conduct violation and resulting disciplinary action was a result of retaliation from filing the present lawsuit, and he blames Lisa Pogue, rather than his own false statement to the PREA hotline, even though it was Jackson who filed the conduct violation against him. Thus, plaintiff seeks a Court Order enjoining Lisa Pogue from intimidating or harassing plaintiff and/or rolling back his Disciplinary Segregation.

There is simply no causal connection between plaintiff's actions in filing the PREA complaint against CO Jackson, the conduct violation issued by Jackson, the investigation by Aaron LeGrand, and the hearing by Investigator Ridgeway to encompass defendant Lisa Pogue into plaintiff's request for injunctive relief in this matter. To put it simply, plaintiff's claims relating to his conduct violation and the resulting Disciplinary Segregation have no relationship to the claims against Lisa Pogue in plaintiff's amended complaint. Plaintiff has not alleged that

defendant Lisa Pogue had any relation to this matter in the slightest. Moreover, plaintiff has failed to establish a relationship between his purported disciplinary injuries and the conduct asserted in his amended complaint; thus, his motion for injunctive relief must be denied.[3] *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994).

A party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." In this case, there is no relationship between the injury claimed in the motion and the conduct asserted in the complaint.[4] Consequently, the motion for preliminary injunction will be denied.[5]

**E. Motion to Proceed In forma Pauperis on Appeal and Request for Recusal**

In Docket #58, plaintiff seeks leave to proceed in forma pauperis on an interlocutory appeal. In his Notice of Appeal [Doc. #57], he asks that "all stricken documents" be transferred to the Eighth Circuit Court of Appeals for review. He also asserts that there are matters of law and constitutional rights that he disagrees with in this Court, and "it appears that judicial bias

---

[3] To determine whether preliminary injunctive relief is warranted, the Court must balance threat of irreparable harm to movant, the potential harm to the nonmoving party should injunction issue, the likelihood of success on merits, and the public interest. *Dataphase Sys. v. CL Sys.*, 640 F.2d 109, 113-14 (8th Cir. 1981) (en banc).

[4] There is nothing unlawful, in and of itself, about Disciplinary Segregation, if plaintiff is found after due process, to merit such punishment. The Court does not interfere with lawful due process. It will only interfere with unlawful due process. Plaintiff has not shown, under the terms of *Dataphase*, that such unlawful due process is occurring. Even a short lack of access to the law library does not, in itself, state a constitutional violation. "To state a claim [for denial of meaningful access to the courts], inmates must assert that they suffered an actual injury to pending or contemplated legal claims." *Myers v. Hundley*, 101 F.3d 542, 544 (8th Cir. 1996). Plaintiff has failed to allege such a showing.

[5] Moreover, the Court is mindful of the Eighth Circuit's admonition that "in the prison context, a request for injunctive relief must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.'" *Goff v. Harper,* 60 F.3d 518, 520 (8th Cir. 1995) (quoting *Rogers v. Scurr,* 676 F.2d 1211, 1214 (8th Cir. 1982)).

against the incarcerated have played a role." Before addressing plaintiff's motion to proceed in forma pauperis on appeal, the Court will address plaintiff's assertions of judicial bias, treating his assertions as a motion for recusal.

### 1. Request for Recusal

Plaintiff asks the Court to recuse itself from this matter because the Court has previously denied several of plaintiff's motions and stricken plaintiff's stand-alone declarations from the record. Plaintiff offers no other basis for showing that the Court has failed to treat his case with impartiality.

A judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). *Moran v. Clarke*, 296 F.3d 638, 648 (8th Cir. 2002). When a judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding" he must recuse himself. 28 U.S.C. § 455(b)(1). "This restriction is intended to 'promote public confidence in the integrity of the judicial process.'" *Moran*, 296 F.3d at 648 (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 859-60 (1988)). "Whether a judge actually has a bias, or actually knows of grounds requiring recusal is irrelevant–section 455(a) sets an objective standard that does not require scienter." *Id.* (citations omitted). "[The issue is framed] as 'whether the judge's impartiality might reasonably be questioned by the average person on the street who knows all the relevant facts of a case.'" *Id.* (quoting *In re Kansas Pub. Employees Retirement Sys.,* 85 F.3d 1353, 1358 (8th Cir. 1996)). However, "'[a]n unfavorable judicial ruling . . . does not raise an inference of bias or require the trial judge's recusal.'" *Id.* (quoting *Harris v. Missouri,* 960 F.2d 738, 740 (8th Cir.1992)).

"Absent a factual showing of a reasonable basis for questioning his or her impartiality, or allegations of facts establishing other disqualifying circumstances, a judge should participate in cases assigned. Conclusory statements are of no effect. Nor are counsel's unsupported beliefs and assumptions. Frivolous and improperly based suggestions that a judge recuse should be firmly declined." *Maier v. Orr*, 758 F.2d 1578, 1583 (9th Cir. 1985).

Plaintiff's motion for recusal is frivolous. Plaintiff's allegations regarding the Court's bias are conclusory and are not supported by any facts. As a result, his request for recusal will be denied.

2. **Motion to Proceed In Forma Pauperis on Appeal**

In his Notice of Appeal, plaintiff has not indicated the specific Memorandum and Order he is appealing to the Eighth Circuit Court of Appeals. He states only that "all stricken documents" be transferred to the Eighth Circuit Court of Appeals for review. [Doc. #57] Normally, only a **final** Order or Judgment can be appealed to an Appellate Court. *See* Fed.R.Civ.P.54; 28 U.S.C. § 1291. "[A] decision is not final, ordinarily, unless it ends the litigation on the merits and leaves nothing for the [district] court to do by execute the judgment." *Cunningham v. Hamilton County*, 527 U.S. 198, 204 (1999).

There are certain interlocutory decisions, however, over which an Appellate Court has jurisdiction. *See* 28 U.S.C. §§ 1291-1292. Because plaintiff has only referred to an appeal of this Court's Order striking his declarations, this Court cannot state for certain whether the Order he refers to is appealable under 28 U.S.C. § 1292. The Court will grant plaintiff's motion to proceed in forma pauperis on appeal, but because he is a prisoner, he is subject to the limits of

the Prison Litigation Reform Act, and he will be required to pay the full amount of the $505 appellate filing fee for filing an appeal.[6]

The Court has reviewed plaintiff's account statement and found that his motion to proceed in forma pauperis will be granted. Plaintiff must pay an initial partial filing fee of $66.37, which is twenty percent of his average monthly deposit. *See* 28 U.S.C. § 1915(b). If plaintiff wishes to withdraw his notice of appeal, he must do so within fifteen (15) days of the date of this Memorandum and Order.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motions to amend his complaint [Doc. #50 and #56] are **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for reconsideration of the denial of his request for injunctive relief relative to his food visitation rights [Doc. #54] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's request to interfere with his wife's probation officer's policy refusing to allow her to see him at the prison is **DENIED**.

**IT IS FURTHER ORDERED** that the declarations and the IRR filed as stand-alone documents in violation of this Court's prior Orders [Doc. #49 and #53] are **STRICKEN** from the Court record.

**IT IS FURTHER ORDERED** that plaintiff's motion for injunctive relief [Doc. #55] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's request for recusal is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to proceed in forma pauperis on appeal [Doc. #58] is **GRANTED**.

---

[6]As plaintiff has filed an interlocutory appeal, this case will continue to proceed in the District Court while he is appealing the Court's Order in the Eighth Circuit Court of Appeals.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $66.37 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff wishes to withdraw his Notice of Interlocutory Appeal without paying the appellate filing fee he must do so within fifteen (15) days of the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that an appeal of the denial of his motion for injunctive relief would not be taken in good faith.

Dated this 12th day of April, 2017

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE