UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| TERRY G. WATSON, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 2:16CV71 PLC |
|  | ) |  |
| KAREY L. WITTY, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## OPINION, MEMORANDUM AND ORDER

Before the Court is plaintiff's motion to correct his notice of appeal. The Court will grant plaintiff's motion to the extent he intends to clarify the record with respect to his notice of appeal. The Court will deny plaintiff's motion to the extent his motion is a request to stay this action during the pendency of his interlocutory appeal.

### Background

Plaintiff, an inmate at Moberly Correctional Center ("MCC"), brings this action pursuant to 42 U.S.C. § 1983, as well as the America ns with Disabilities Act ("ADA"). The Court did a pre-service review of this action, pursuant to 28 U.S.C. § 1915, on March 9, 2017. In the pre-service review, the Court found that plaintiff's claims for deliberate indifference to his serious medical needs relative to his leg and back issue survive review with respect to Dr. Aschok Chada, Dr. Paul Jones and Cathy Barton (Corizon, LLC employees). The Court found that several of plaintiff's ADA claims also survive review with respect to MDOC employees Lisa Pogue, Michelle Buckner, Correctional Officer Allen. *See* Memorandum and Order issued March 9, 2017, Docket #40. Plaintiff's additional claims, as well as several named defendants, however, were dismissed. *Id.*

In its March 9, 2017 Memorandum and Order, the Court struck from the record sixteen (16) stand-alone declarations filed by plaintiff in this action. The Court reminded plaintiff that he was told in the Court's December 2, 2016 Memorandum and Order that the Court does not accept amendments by interlineation or supplementation. In addition, the Court does not accept discovery to be filed as a stand-alone document in the Court record. Rather, discovery may only be filed as an attachment in support of a motion. *See* Eastern District of Missouri Local Rules.

Accordingly, as noted above, sixteen (16) of plaintiff's declarations were stricken from the Court record in the Court's March 9, 2017 Memorandum and Order. Nevertheless, plaintiff continued to file "declarations" with this Court. In the Court's March 20, 2017 Memorandum and Order, the Court not only struck two (2) additional "declarations" from the Court record, but it also instructed the Clerk of Court not to accept any additional stand-alone "declarations" from plaintiff in this action. Plaintiff was instructed that he could not file supplements to his pleadings or motions, or file with the Court discovery. Thus, in accordance with this Court's Local Rules, his stand-alone evidentiary "declarations" would not be filed in the Court record unless they are sent in support of a motion or a pleading. The Court then examined plaintiff's ninth (9th) request for injunctive relief in this matter.[1]

On April 12, 2017 [Doc. #62], the Court reviewed two motions by plaintiff to amend his complaint, a motion for reconsideration of a denial of a request for injunction and two "evidentiary motions." The Court also reviewed a new request for injunctive relief and a request

---

[1] In his prior requests for injunctive relief, plaintiff sought: (1) an order to mandate Corizon to provide plaintiff with specific pain medications; (2) an order to mandate MDOC to order new construction at Moberly; (3) (three different requests for) orders requiring Corizon to make his Omeprazole medication part of the automatic renewal program; (4) an order enjoining Moberly from dispensing medication at meal times; (5) an order restricting MDOC from enforcing food visit policies against him; and (6) an order seeking relief against MDOC from verbally threatening him with removal from the library at MCC.

to proceed in forma pauperis on appeal. The Court denied plaintiff's motion for reconsideration, and his motions to "present evidence" were once again stricken from the Court's record. Plaintiff's motions to amend his complaint were denied because he failed to attach a proposed amended complaint to his motions to amend, and plaintiff had been told repeatedly that the Court would not allow amendments by interlineation or supplementation. Plaintiff's motion for injunctive relief was also denied. *See* Docket No. 62.

Salient to the instant motion, in Docket #58, plaintiff sought leave to proceed in forma pauperis on an interlocutory appeal, which the Court has already granted. In his Notice of Appeal [Doc. #57], he asks that "all stricken documents" be transferred to the Eighth Circuit Court of Appeals for review.

As addressed in the Court's prior Memorandum and Order, in his plaintiff's Notice of Appeal, plaintiff asserted that "there are matters of law and constitutional rights that he disagrees with in this Court," and "it appears that judicial bias against the incarcerated have played a role." On April 12, 2017 [Doc. #62], the Court addressed plaintiff's assertions of judicial bias, treating his assertions as a motion for recusal. Plaintiff's motion for recusal was denied, as he had not offered any basis for showing that the Court had failed to treat his case with impartiality. *See* Docket No. 62.

In the April 12, 2017 Memorandum and Order, the Court informed plaintiff that normally, only a **final** Order or Judgment can be appealed to an Appellate Court. *See* Fed.R.Civ.P.54; 28 U.S.C. § 1291. The Court noted, however, that there are certain interlocutory decisions over which an Appellate Court has jurisdiction. *See* 28 U.S.C. §§ 1291-1292. The Court told plaintiff that because plaintiff had only referred to the Court's actions striking his declarations in his Notice of Appeal, it was unable to state for certain whether the Order he refers

to is appealable under 28 U.S.C. § 1292. After the Court entered its Memorandum and Order, plaintiff filed the instant motion.

## Discussion

In his motion to correct his Notice of Appeal, plaintiff asks for "an interlocutory appeal on matter of legal points of law and matter collateral to the injunctive relief requested in several actions." Plaintiff goes on to state a number of questions he wishes the Court of Appeals to consider, including plaintiff's apparently overarching question in this lawsuit: Why doesn't the Missouri Department of Corrections recognize the same disability standards as the Department of Veterans Affairs?

Unfortunately, although plaintiff has sought to clarify his Notice of Appeal, plaintiff has not indicated the specific Court Orders he wishes to appeal from, nor has he indicated the docket numbers that correspond to his Notice of Appeal. He has merely "clarified" the numerous questions that he wishes the appellate court to address on appeal.

Pursuant to 28 U.S.C. §§ 1291 and 1292, when attempting to review interlocutory decisions, courts of appeal are limited to reviewing certain orders from the district court, including those refusing injunctions. *Id.* Plaintiff has indicated in the present motion that he wishes the appellate court to review all of this Court's orders denying his requests for injunctions, in addition to this Court's decision to "strike" certain documents.

In order to fulfill plaintiff's request, the appellate court would likely need to review every Memorandum and Order issued by this Court up until this juncture, including the denial of all twelve (12) of plaintiff's requests for injunctive relief[2] and more than twenty-seven (27) documents stricken by this Court from the Court record. The Court does not believe that

---

[2]This number does not include the motions seeking reconsideration of the denial of plaintiff's requests for injunctive relief.

plaintiff's Notice of Appeal was filed in a timely manner such that the NOA, filed on March 29, 2017, could encompass **all of the aforementioned Orders**, dating back through December 2016.[3] Nonetheless, the Court will grant plaintiff's motion to clarify his Notice of Appeal.

Plaintiff will not, however, be granted an extension of time to file his Notice of Appeal. Additionally, the Court will not stay this action during the pendency of plaintiff's interlocutory appeal in the Eighth Circuit Court of Appeals. *See* 28 U.S.C. § 1292(b).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to clarify his notice of appeal is [Doc. #63] **GRANTED IN PART**. The Court takes judicial notice that plaintiff seeks to appeal all Orders from this Court denying his requests for injunctive relief and all Orders striking his stand-alone declarations.

**IT IS FURTHER ORDERED** that this Court **DENIES** plaintiff's request for an extension of time to file his Notice of Appeal to the extent he is seeking one in order to encompass any additional Court Orders.

**IT IS FURTHER ORDERED** that this Court will not stay this action during the pendency of plaintiff's interlocutory appeal with the Eighth Circuit Court of Appeals.

Dated this 11th day of May, 2017.

                                  HENRY EDWARD AUTREY
                                  UNITED STATES DISTRICT JUDGE

---

[3] In cases in which there is a statutory right to appeal an interlocutory order, the appeal time provisions of Appellate Rule 4 apply. Failure to take a timely appeal defeats the right to review before final judgment. *See* Fed.R.App.P.4(a)(1).