UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| TERRY G. WATSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:16-CV-71 PLC |
| | ) |
| KAREY L. WITTY, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Before the Court is plaintiff's motion to "accept relevant evidence to the proceedings." Plaintiff requests that the Court take notice of evidence of defendant Correctional Officer Allen's identification information, as taken from a Disciplinary Action Report given to plaintiff by defendant Michelle Buckner on September 12, 2013. [Doc. #72]. In the report, defendant Buckner indicates that she is writing up plaintiff "[b]ased on a written statement [from] COI Allen (SCCC-13-3170)."

The Court agrees with plaintiff that this information is sufficient to allow the Missouri Attorney General's Office to properly identify defendant Correctional Officer Allen in these proceedings and properly waive service on his behalf.[1] Defense counsel, Assistant Attorney General Jeffrey Spahr, shall indicate whether he is able to identify defendant Allen from the evidence provided by plaintiff in the Disciplinary Action Report within fifteen (15) days of the date of this Order. If counsel is able to properly identify plaintiff, counsel shall provide the

---

[1]Defense counsel, Assistant Attorney General Jeffrey Spahr, stated in his response to the waiver of service letter on May 1, 2017, that he was unable to waive service of process on behalf of "Correctional Officer Allen" because plaintiff has not provided sufficient information to allow the proper identification of this individual and there are multiple correctional officers at SCCC with the name of Allen. *See* Doc. # 67.

Court with defendant Allen's first name so that the Court may properly serve defendant Allen through the waiver of service agreement this Court maintains with the Missouri Attorney General's Office.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to accept relevant evidence to the proceedings [Doc. # 72] is **GRANTED**. The Court takes judicial notice that evidence related to the identification of defendant Correctional Officer Allen is contained in the Disciplinary Action Report attached to plaintiff's motion.

**IT IS FURTHER ORDERED** that defense counsel, Assistant Attorney General Jeffrey Spahr, shall respond to the Court no later than fifteen (15) days of the date of this Memorandum and Order, and state whether counsel is able to properly identify defendant Correctional Officer Allen, through the assistance of the Disciplinary Action Report provided by plaintiff in Docket No. 72.

**IT IS FURTHER ORDERED** that if defense counsel, Assistant Attorney General Jeffrey Spahr, is able to properly identify defendant Correctional Officer Allen, he shall provide the Court, within fifteen (15) days of the date of this Memorandum and Order, defendant Allen's first name, so that the Court may properly serve defendant Allen through the waiver agreement this Court maintains with the Missouri Attorney General's Office.

**IT IS FURTHER ORDERED** that if Officer Allen is no longer employed by the Missouri Department of Corrections, counsel shall provide to the Court, under seal, within fifteen (15) days of the date of this Memorandum and Order, the last known home address for defendant Allen so that service may be effectuated on defendant Allen through summons.

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 13th day of June, 2017