# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| TERRY G. WATSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 2:16CV71 HEA |
| | ) |
| KAREY L. WITTY, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

Before the Court are various motions filed by plaintiff, including motions to amend his complaint by interlineation, as well as motions for injunctive relief and motions for discovery. Also before the Court are a plethora of "declarations" and "exhibits," as well as several motions for injunctive relief. It appears that some of plaintiff's "declarations" are supplements to his amended complaint, while other declarations are "evidence" meant to be offered to the Court at this time. After reviewing the multiple filings in this matter, the Court will deny plaintiff's requests to amend his complaint by interlineation, strike plaintiff's stand-alone declarations and deny plaintiff's request for injunctive relief at this time. The Court will additionally deny plaintiff's requests for discovery, as discovery has not yet commenced in this proceeding.

### The Amended Complaint

Plaintiff, an inmate at Moberly Correctional Center ("MCC"), brings this action pursuant to 42 U.S.C. § 1983, as well as the Americans with Disabilities Act ("ADA"). The Court did a pre-service review of the action, pursuant to 28 U.S.C. § 1915, on March 9, 2017. In the pre-service review, the Court found that plaintiff's claims for deliberate indifference to his serious medical needs relative to his leg and back issues survive review with respect to Dr. Ashok

Chada, Dr. Paul Jones and Cathy Barton. These defendants are all current or former employees of Corizon, Inc. The Court found that several of plaintiff's ADA claims also survived review with respect to Missouri Department of Corrections ("MDOC") employees Lisa Pogue, Michelle Buckner and Correctional Officer Allen.[1] *See* Memorandum and Order issued March 9, 2017, Docket #40. Plaintiff's additional claims, as well as several other defendants, however, were dismissed from this action. *Id.*

Throughout the course of this litigation, plaintiff has filed numerous motions, declarations, and supplements in an attempt to amend pleadings and badger the Court and the parties, and "submit evidence" to the Court in a piecemeal manner. The Court has addressed plaintiff's attempts in clear and unambiguous language, telling plaintiff in no uncertain terms that such practices are not allowed in Federal Court proceedings. *See* Docket Numbers #14, #40, #51, #52 and #62.

On April 12, 2017, the Court stated,

> In its March 9, 2017 Memorandum and Order, the Court struck from the record sixteen (16) stand-alone declarations filed by plaintiff in this action. The Court reminded plaintiff that he was told in the Court's December 2, 2016 Memorandum and Order that the Court does not accept amendments by interlineation or supplementation. In addition, the Court does not accept discovery to be filed as a stand-alone document in the Court record. Rather, discovery may only be filed as an attachment in support of a motion. *See* Eastern District of Missouri Local Rules.
>
> Accordingly, sixteen (16) of plaintiff's declarations were stricken from the Court record in the Court's March 9, 2017 Memorandum and Order. Nevertheless, plaintiff continued to file "declarations" with this Court. In the Court's March 20, 2017 Memorandum and

---

[1]Specifically, plaintiff alleged that the MDOC defendants failed to provide him with adequate mattresses and beds at their respective facilities to accommodate his back, neck and leg disabilities. He further alleges against defendant Lisa Pogue that the housing units in MCC are not handicap accessible in violation of the ADA. Finally, plaintiff alleges that defendant Allen issued him conduct violations in violation of the ADA which were a result of his hearing loss.

> Order, the Court not only struck two (2) additional "declarations" from the Court record, but it also instructed the Clerk of Court not to accept any additional stand-alone "declarations" from plaintiff in this action. Plaintiff was instructed that he could not file supplements to his pleadings or motions, or file with the Court discovery. Thus, in accordance with this Court's Local Rules, his stand-alone evidentiary "declarations" would not be filed in the Court record unless they are sent in support of a motion or a pleading...[Additionally],[a]s this Court has told plaintiff on multiple occasions, "discovery" or "evidence" may not be filed in the Court record. It may only be filed with this Court if it is filed in support of a motion or pleading.

Despite being told on multiple occasions that he could not continue filing numerous frivolous motions and supplements with this Court, plaintiff has continued in the same manner. This is the last time the Court will address plaintiff's frivolous filings. Rule 41(b) of the Federal Rules of Civil Procedure provides that a court can dismiss the plaintiff's action for failure to comply with a Court Order. If plaintiff fails to comply with this Court's mandate stop filing frivolous "supplements," "declarations supporting frivolous motions," "motions to accept evidence," " motions for discovery" when discovery has not yet been commenced, and "affidavits in support," this Court will dismiss this action as a sanction for failure to comply with this Court's Orders.

## Discussion

**A. Plaintiff's Motions to Amend His Complaint By Interlineation**

In Docket Numbers #78, #82, #84 and #121 plaintiff seeks to amend his complaint by interlineation, supplementation or exhibits. As plaintiff has been told on multiple occasions that the Court does not accept amendments by interlineation, the Court will deny these motions. Neither the Court nor defendants should be required to comb through plaintiff's multiple filings to "match-up" his allegations with the proposed defendants. *See, e.g., Popoalii v. Correctional Medical Services*, 512 F.3d 488, 497 (8th Cir.2008) (finding that it is appropriate to deny leave to

3

amend a complaint when a proposed amendment was not submitted with the motion). Thus, plaintiff's motions to amend by interlineation and/or supplementation will be denied.

### B. Plaintiff's Motions to Accept Relevant Evidence/Declarations/Newly Discovered Evidence

In Docket Numbers #80, #82, #84, #94, #96, #100, #102 and #121 plaintiff requests that the Court accept evidence, declarations, or newly discovered evidence. Plaintiff has been told in numerous prior orders that stand-alone "supplements," "exhibits," "declarations" and "motions to accept relevant evidence" are not proper pleadings in this Court and as recourse, these motions and declarations will be stricken from the Court record. Further, as noted above, if plaintiff brings these frivolous motions to the Court again, his action will be dismissed pursuant to Federal Rule of Civil Procedure 41 as a sanction.

### C. Plaintiff's Motions for Discovery

In Docket Numbers #83, #86, and #90 plaintiff requests that the Court preserve evidence for discovery or appoint expert witnesses. The Court has not yet ordered discovery in this matter, and these motions will be denied as premature.

### D. Plaintiff's Request for Injunctive Relief

In Docket Number #111, plaintiff requests injunctive relief against defendant Lisa Pogue and Dr. Ruanne Stamps, who is not a defendant in this action, relating to a renewal of his medication for a medicine called pantoprazole. Plaintiff claims that he needs this medication renewed for treatment of his reflux and irritable bowel syndrome.

"A court issues a preliminary injunction in a lawsuit to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits. Thus, a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v.*

*Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). In this case, there is no relationship between the injury claimed, or his reflux and irritable bowel syndrome, and the current issues in this lawsuit. As noted above, the only issues currently remaining against the MDOC defendants are related to plaintiff's back, neck and leg issues and the conduct violation he allegedly received from defendant Allen as a result of his hearing loss. Consequently, the motion for injunctive relief will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for injunctive relief [Doc. #111] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motions for discovery [Doc. #83, #86, and #90] are **DENIED** as premature as discovery has not yet commenced in this action.

**IT IS FURTHER ORDERED** that plaintiff's motions to accept relevant evidence, and to accept stand-alone declarations and to accept newly discovered evidence [Doc. #80, #82, #84, #94, #96, #100, #102 and #121] are **STRICKEN FROM THE COURT RECORD**.

**IT IS FURTHER ORDERED** that if plaintiff chooses to file frivolous "supplements," "declarations supporting frivolous motions," "motions to accept evidence," " motions for discovery" when discovery has not yet been commenced, "affidavits in support" and motions to amend by interlineation, this Court **WILL DISMISS THIS ACTION AS A SANCTION** pursuant to Fed.R.Civ.P.41.

**IT IS FURTHER ORDERED** that plaintiff's motions to amend his complaint by interlineation or supplementation [Doc. #78, #82, #84 and #121] are **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to accept service of process [Doc. #121] is **DENIED** as service has already been effectuated on all proper defendants in the amended complaint in this action.

**IT IS FURTHER ORDERED** that an appeal from this Memorandum and Order would not be taken in good faith.

Dated this 21st day of February, 2018.

                              HENRY EDWARD AUTREY
                              UNITED STATES DISTRICT JUDGE