**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| TERRY G. WATSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:16CV71 HEA |
| | ) | |
| KAREY L. WITTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

In this prisoner civil rights case, defendants Dr. Ashok Chada, Dr. Paul Jones and Katherine Barton move for summary judgment on the grounds that plaintiff failed to properly exhaust available administrative remedies. After reviewing the evidence and the arguments, the Court will grant defendants' motion.

### Standard

To survive a motion to dismiss under Rule 12(b)(6), "a civil rights complaint must contain facts which state a claim as a matter of law and must not be conclusory." *Gregory v. Dillards, Inc.,* 565 F.3d 464, 473 (8th Cir. 2009) (en banc) (quotations and citation omitted). "A plaintiff must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims rather than facts that are merely consistent with such a right." *Id.* (quotations and citation omitted). "While a plaintiff need not set forth detailed factual allegations or specific facts that describe the evidence to be presented, the complaint must include sufficient factual allegations to provide the grounds on which the claim rests." *Id.* (quotations and citations omitted).

Rule 56(c) provides that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment

as a matter of law." In ruling on a motion for summary judgment, the court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. *AgriStor Leasing v. Farrow,* 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and his entitlement to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87 (1986); Fed. R. Civ. P. 56(c).

Once the moving party has met his burden, the non-moving party may not rest on the allegations of his pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e). *Anderson,* 477 U.S. at 257; *City of Mt. Pleasant, Iowa v. Associated Elec. Coop., Inc.,* 838 F.2d 268, 273-74 (8th Cir. 1988). Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

### Background

Plaintiff, an inmate at Moberly Correctional Center, brings this action under 42 U.S.C. § 1983, as well as the Americans with Disabilities Act ("ADA"). The Court did a pre-service review of the action, pursuant to 28 U.S.C. § 1915, on March 9, 2017. In the pre-service review, the Court found that plaintiff's claims for deliberate indifference to his serious medical needs relative to his leg and back issues survive review with respect to Dr. Ashok Chada, Dr. Paul Jones and Katherine Barton. These defendants are all current or former employees of Corizon, Inc. The Court found that several of plaintiff's ADA claims also survive review with respect to Missouri Department of

Corrections employees Lisa Pogue, Michelle Buckner and Correctional Officer Allen.[1] *See* Memorandum and Order issued March 9, 2017, Docket #40. Plaintiff's additional claims, as well as several other defendants, however, were dismissed from this action. *Id.*

At all times relevant in this lawsuit, plaintiff was incarcerated at both South Central Correctional Center ("SCCC") and Moberly Correctional Center ("MCC"). By way of background, plaintiff alleged in his amended complaint that when he entered the correctional system in May of 2012, he had already been determined by the Department of Veteran's Affairs to be disabled, with a start date for his disability of October 2010. Plaintiff claims that his "disability" was based on a myriad of conditions, including: (1) chronic adjustment disorder; (2) left knee replacement; (3) degenerative disc lumbar spine; (4) spondylolisthesis-cervical spine; (5) left lower extremity radiculopathy; (7) left hip trochanteric bursitis; (8) lateral left foot metatarsalgia; (9) GERD with constipation; (10) tinnitus; (11) osteoarthritis-right knee; (12) radiculopathy-right lower extremity; (13) bilateral hearing loss. However, as noted above, after § 1915 screening, the Court found that plaintiff's allegations relating to his assertion that the Corizon defendants were deliberately indifferent to his serious medical needs for his leg and back issues were the only claims that would move forward against these particular defendants. The factual assertions relating to these issues against the Corizon defendants are as follows.

In Count I of the amended complaint, plaintiff asserts that he sought numerous services for his chronic pain. He claims that while he was incarcerated at SCCC, in December 2015, he sought treatment from Dr. Chada for "great pain in his cervical spine and left leg." He claims that despite

---

[1] Specifically, plaintiff alleged that the MDOC defendants failed to provide him with adequate mattresses and beds at their respective facilities to accommodate his back, neck and leg disabilities. He further alleges against defendant Lisa Pogue that the housing units in MCC are not handicap accessible in violation of the ADA. Finally, plaintiff alleges that defendant Allen issued him conduct violations in violation of the ADA which were a result of his hearing loss.

having been told by a specialist prior to being incarcerated that he would need disc replacement surgery, he was only being given naproxen and Effexor for pain. He told Dr. Chada he needed additional treatment, but Dr. Chada told him in December of 2015 that it was him, and not the President of the United States, who would decide at MDOC who was disabled. Plaintiff claims that he filed a grievance relating to Dr. Chada's refusal to treat his medical issues, and defendant Ms. Cathy Barton "promised to correct the issues," but ultimately failed to do anything about the situation.

Plaintiff claims he was transferred to MCC a few months later, in March of 2016. Plaintiff asserts that after he was transferred to MCC he saw Dr. Jones, who also failed to treat his leg and back issues adequately.

Plaintiff states "it was explained to him" by Dr. Chada and Katherine Barton that MDOC's Central Office would not approve the type of treatment plaintiff was in need of because they did not recognize his VA ratings and because the treatment was too expensive. Plaintiff appears to be asserting that he should have been taken to see an orthopedic surgeon, a pain mitigation specialist, as well as an outside physical therapist.

Plaintiff does admit that when he was transferred to SCCC in March 2013, he provided information about his VA disabilities and was taken to see a physical therapist at that time. Plaintiff states that he was then given exercises that helped mitigate his pain, but he complains that no other visits were then scheduled.

### Facts Relative to Plaintiff's Exhaustion of Administrative Remedies against the Corizon Defendants

Plaintiff's MDOC records show that plaintiff did not file any grievances concerning conduct or treatment against Katherine Barton or Dr. Jones. In addition, plaintiff filed only one single grievance against Dr. Chada, received on January 19, 2016.

In Grievance No. SCCC 16-61, filed by plaintiff against Dr. Chada, which was received by MDOC on January 19, 2016, plaintiff stated that he was treated by Dr. Chada on December 6, 2015 for chronic medical issues and pain and that Dr. Chada failed to renew all of his lay-ins. In response to the grievances, plaintiff was advised that his medical record would be reviewed with the physician and that his IRR was untimely filed. Plaintiff never filed a "formal" grievance regarding Grievance No. SCCC 16-61. Accordingly, it appears he failed to fully exhaust his grievance against Dr. Chada.

Under the policy of the Missouri Department of Corrections the administrative grievance process is initiated by filing an IRR within fifteen (15) calendar days of the alleged incident. If an inmate is dissatisfied with the response to an IRR, the inmate must file an Offender Grievance within seven (7) calendar days of receiving a response to the IRR. If an inmate is dissatisfied with the response to the Offender Grievance, the inmate may file a Grievance Appeal within seven (7) days of receiving the response.

## Discussion

Under 42 U.S.C. § 1997e(a), a prisoner may not bring an action under §1983 "until such administrative remedies as are available are exhausted." "An inmate exhausts a claim by taking advantage of each step the prison holds out for resolving the claim internally and by following the 'critical procedural rules' of the prison's grievance process to permit prison officials to review and, if necessary, correct the grievance 'on the merits' in the first instance." *Reed-Bey v. Pramstaller,* 603 F.3d 322, 324 (6th Cir. 2010) (quoting *Woodford v. Ngo,* 548 U.S. 81, 95 (2006)).

Defendants argue, as mentioned above, that plaintiff did not fully exhaust his grievances against Dr. Chada, and that he did not file any administrative remedies against Katherine Barton or Dr. Jones. Thus, defendants assert that this action is subject to dismissal.

Plaintiff argues that his failure to exhaust should be excused by exigent circumstances, namely that he feels that the grievance procedure was futile, or could not have provided an effective remedy. In his brief in opposition, plaintiff states that with regard to Grievance No. SCCC 16-61, he was told by Katherine Barton that his concerns about his "disabilities" would be remedied, but they were not, and in fact, he was transferred to another facility two weeks later. Plaintiff has also attached evidence of Grievance No. SCCC 16-61, showing that he signed the IRR form on February 29, 2016, acknowledging that he had the right to file a formal grievance in seven (7) days and that his failure to do so would be considered abandonment of his claim.

The fact that plaintiff feels the grievance procedure might have been futile or perhaps may not have been an effective remedy in his case does not excuse his failure to use it. *See Chelette v. Harris,* 229 F.3d 684, 688 (8th Cir. 2000) ("Section 1997e(a) says nothing about a prisoner's subjective beliefs, logical or otherwise, about the administrative remedies that might be available to him. The statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them. [Plaintiff] failed to do so, and so his complaint must be dismissed…"). Plaintiff does not dispute his failure to file a formal grievance regarding Grievance No. SCCC-16-00061. This failure is fatal to his claim. *See Hammett v. Cofield,* 681 F.3d 945, 948 (8th Cir. 2012) (finding that a failure to complete all three levels amounts to a failure to exhaust the MDOC grievance procedure).

Plaintiff further submits that when he was transferred to another facility a couple of weeks later, he filed another grievance to address his concerns, Grievance No. MCC 16-599, which he claims was pursued through appeal. Plaintiff argues that this grievance shows that he complained of discrimination due to being hearing impaired and requested ADA accommodations for claimed

hearing loss. The underlying grievance did not make any allegations regarding any conduct by the Corizon defendants named in this lawsuit.

The documents provided by plaintiff show that in his grievance appeal, he also complained of systemic discrimination by Corizon against persons with disabilities, and made additional complaints related to various medical issues, among other complaints. However, additional complaints made in the formal grievance filing or on appeal do not control the determination of exhaustion. Instead, it is the complaint made at the first level that is relevant to the analysis. *See, e.g., Dashley v. Corr. Med. Servs., Inc.,* 345 F. Supp. 2d 1018, 1024 (E.D. Mo. 2004) (finding no exhaustion of administrative remedies due to no fair notice of the claim where the defendant's alleged conduct was not raised by the offender in the grievance process until his first appeal).

Moreover, a review of plaintiff's filings shows that his appeal in Grievance No. MCC 16-599 still did not identify any conduct of the Corizon defendants named in this lawsuit. While Plaintiff may not have to identify the Corizon defendants by name in his grievances, the grievance still must fairly put the defendants on notice of his claims. *Woodford v. Ngo,* 548 U.S. 81, 90 (2006) (providing that the exhaustion requirement is in part intended to "give the agency a fair and full opportunity to adjudicate their claims."); *Jones v. Bock,* 549 U.S. 199, 219 (2007); *see also Porter v. Nussle*, 534 U.S. 516, 524–25 (2002) ("Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case."). Plaintiff cannot establish this in the absence of allegations in any completed grievance regarding the purported conduct of the Corizon defendants. Therefore, plaintiff's claims against the Corizon defendants are unexhausted and should be dismissed.[2]

_____

[2]Plaintiff also briefly mentions Grievance SCCC 13-1671 and claims that it put defendants on

Accordingly,

**IT IS HEREBY ORDERED** that defendants Dr. Ashok Chada, Dr. Paul Jones and Katherine Barton's motion for summary judgment [Doc. #91] is **GRANTED**.

**IT IS FURTHER ORDERED** an appeal of this grant of summary judgment would not be made in good faith.

A separate Order of Partial Judgment will accompany this Memorandum and Order.

Dated this <u>21st</u> day of February, 2018.

_____

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

---

notice of his medical issues. However, this grievance made only due process allegations. It complained that plaintiff was unjustly issued a conduct violation because of a paging equipment failure and his hearing loss. It did not involve the Corizon defendants.