UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| TERRY G. WATSON, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 2:16CV71 HEA |
| KAREY L. WITTY, et al., | ) ) | |
| Defendants. | ) | |

# OPINION, MEMORANDUM AND ORDER

In this prisoner civil rights case, defendants Buckner and Pogue move for summary judgment on the grounds that plaintiff failed to properly exhaust available administrative remedies. After reviewing the evidence and the arguments, the Court will grant defendants' motion.

## Standard

Rule 56(c) provides that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment, the court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. *AgriStor Leasing v.*

*Farrow,* 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and his entitlement to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87 (1986); Fed. R. Civ. P. 56(c).

Once the moving party has met his burden, the non-moving party may not rest on the allegations of his pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e). *Anderson,* 477 U.S. at 257; *City of Mt. Pleasant, Iowa v. Associated Elec. Coop., Inc.,* 838 F.2d 268, 273-74 (8th Cir. 1988). Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

**Background**

Plaintiff, an inmate at Moberly Correctional Center, brings this action under 42 U.S.C. § 1983, as well as the Americans with Disabilities Act ("ADA"). The Court did a pre-service review of the action, pursuant to 28 U.S.C. § 1915, on March 9, 2017. In the pre-service review, the Court found that several of plaintiff's ADA claims survive review with respect to Missouri Department of Corrections

employees Lisa Pogue, Michelle Buckner and Correctional Officer Allen. Specifically, plaintiff alleged that the MDOC defendants failed to provide him with adequate mattresses and beds at their respective facilities to accommodate his back, neck and leg disabilities. He further alleges against defendant Lisa Pogue that the housing units in MCC are not handicap accessible in violation of the ADA. Plaintiff also alleges that defendant Allen issued him conduct violations in violation of the ADA which were a result of his hearing loss. The Court granted leave to add Defendants Collins and Sweeton as additional parties on July 12, 2018 and August 22, 2018, respectively. Plaintiff's additional claims, as well as several other defendants, however, were dismissed from this action.

At all times relevant in this lawsuit, plaintiff was incarcerated at both South Central Correctional Center ("SCCC") and Moberly Correctional Center ("MCC"). By way of background, plaintiff alleged in his amended complaint that when he entered the correctional system in May of 2012, he had already been determined by the Department of Veteran's Affairs to be disabled, with a start date for his disability of October 2010. Plaintiff claims that his "disability" was based on a myriad of conditions, including: (1) chronic adjustment disorder; (2) left knee replacement; (3) degenerative disc lumbar spine; (4) spondylolisthesis-cervical spine; (5) left lower extremity radiculopathy; (7) left hip trochanteric bursitis; (8) lateral left foot

metatarsalgia; (9) GERD with constipation; (10) tinnitus; (11) osteoarthritis-right knee; (12) radiculopathy-right lower extremity; (13) bilateral hearing loss.

In Count II and III of the amended complaint, plaintiff asserts that Defendants Buckner (the ADA site coordinator at SCCC) and Pogue (the ADA site coordinator at MCC) violated his rights as a disabled person. Count II claims defendants violated plaintiff's rights when they failed to provide him with adequate bunk beds and mattresses for his back and neck disabilities while confined at these facilities. Plaintiff claims in Count III that the showers and bathrooms at MCC are not handicap accessible and that the stairs at MCC caused him pain and increased his chances of falling.

## Discussion

Under 42 U.S.C. § 1997e(a), a prisoner may not bring an action under §1983 "until such administrative remedies as are available are exhausted." "An inmate exhausts a claim by taking advantage of each step the prison holds out for resolving the claim internally and by following the 'critical procedural rules' of the prison's grievance process to permit prison officials to review and, if necessary, correct the grievance 'on the merits' in the first instance." *Reed-Bey v. Pramstaller,* 603 F.3d 322, 324 (6th Cir. 2010) (quoting *Woodford v. Ngo,* 548 U.S. 81, 95 (2006)). Proper exhaustion of administrative remedies is necessary so that corrections officials are afforded the "'time and opportunity to address complaints internally

4

before allowing the initiation of a federal case.'" *Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (quoting *Porter*, 534 U.S. at 525).

DOC policy D5-3.2 in effect during the time plaintiff has been incarcerated states that a grievance is not considered exhausted until there is a final decision by DOC at the grievance appeal level.

Plaintiff filed three grievances while confined at SCCC. The three grievances filed at SCCC concerned a conduct violation issued by a corrections officer, his hearing loss and the alleged failure to renew his medical lay ins.

The IRR form states that an offender must be specific and file one complaint for each issue. Plaintiff filed one request for accommodation while confined at SCCC which related to his request for an alarm clock because of hearing loss.

Plaintiff filed nine grievances while confined at MCC. Seven of the nine grievances filed by Plaintiff while confined at MCC are considered exhausted pursuant to DOC policy. Plaintiff filed one request for accommodation while confined at MCC. Plaintiff filed two grievances at MCC which were still pending at the time of the filing of this motion and not yet exhausted.

Plaintiff never filed a grievance or request for accommodation at SCCC relating to his bed and/or mattress being too thin. Plaintiff has never filed a grievance or request for accommodation at MCC relating to his bed and/or mattress being too thin. Plaintiff has never filed a grievance or request for accommodation

5

relating to the bathrooms and showers at SCCC. Plaintiff has never filed a grievance or request for accommodation relating to handicap bathrooms and showers at MCC.

Plaintiff has never filed a grievance or request for accommodation relating to the stairs at MCC.

Defendants argue since no IRR was ever filed relating to the claims in plaintiff's Amended Complaint, he has failed to exhaust his ADA claims against these defendants and his claims should be dismissed.

Plaintiff argues that his failure to exhaust should be excused because the Missouri Attorney General's Office has refused to turn over pertinent evidence requested by plaintiff and that the IRR/Grievance process was unavailable to plaintiff during his periods of incarceration due to the failure of the ADA Site Coordinators to follow the Policy in D5-3.2, D5-5.1, D5-5.2, but he fails to controvert the single most significant fact that he failed to specifically file a grievance with regard to the claims in Counts II and III.

The fact that plaintiff feels the grievance procedure might have been futile or perhaps may not have been an effective remedy in his case does not excuse his failure to use it. *See Chelette v. Harris,* 229 F.3d 684, 688 (8th Cir. 2000) ("Section 1997e(a) says nothing about a prisoner's subjective beliefs, logical or otherwise, about the administrative remedies that might be available to him. The statute's requirements are clear: If administrative remedies are available, the prisoner must

6

exhaust them. [Plaintiff] failed to do so, and so his complaint must be dismissed…"). Plaintiff does not dispute his failure to file a formal grievance regarding his mattress, the bathrooms and showers and the steps. This failure is fatal to his claim. *See Hammett v. Cofield,* 681 F.3d 945, 948 (8th Cir. 2012) (finding that a failure to complete all three levels amounts to a failure to exhaust the MDOC grievance procedure).

Plaintiff's subsequent attempt to have his claims considered exhausted by filing his Offender Grievance Appeal at NECC does not revive his claims since the record is completely devoid of an original grievance regarding his mattress, the bathrooms and showers and the steps.   Merely stating that the officials are violating policy does not satisfy the exhaustion requirement as set forth above.

The documents provided by plaintiff show that in his grievance appeal, he also complained of systemic discrimination against persons with disabilities, and made additional complaints related to various medical issues, among other complaints. However, additional complaints made in the formal grievance filing or on appeal do not control the determination of exhaustion. Instead, it is the complaint made at the first level that is relevant to the analysis. *See, e.g., Dashley v. Corr. Med. Servs., Inc.,* 345 F. Supp. 2d 1018, 1024 (E.D. Mo. 2004) (finding no exhaustion of administrative remedies due to no fair notice of the claim where the defendant's

alleged conduct was not raised by the offender in the grievance process until his first appeal).

Accordingly,

**IT IS HEREBY ORDERED** that defendants Buckner and Pogue's motion for summary judgment [Doc. No. 245] is **GRANTED**.

**IT IS FURTHER ORDERED** an appeal of this grant of summary judgment would not be made in good faith.

A separate Order of Partial Judgment will accompany this Memorandum and Order.

Dated this 7th day of January, 2019.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE