# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | | |
|---|---|---|
| TERRY G. WATSON, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 2:16CV71 HEA |
| KAREY L. WITTY, et al., | ) ) | |
| Defendants. | ) ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's "Motion for Class Action," [Doc. No. 134]. Defendants have responded to the Motion, per the Court's Order of February 14, 2019. For the reasons set forth below, the Motion is denied.

In his "Motion for Class Action," Plaintiff states that the number of disabled and elderly persons affected by the unconstitutional bedding incarcerated at MDOC is so large that it is impractical for each claimant to bring suit and appear in court; that the violations of the Eighth and Fourteenth Amendments; 42 U.S.C. § 12131, *et seq.* Title of the ADA; Section 504 Federal Rehabilitation Act; Missouri Human Rights Act, are violations and questions of law and fact common to the class; the claims made by Plaintiff are similar to the claims of all class members; and Plaintiff, through a court appointed attorney is able to fairly and adequately protect the interest of the class.

Under Federal Rule of Civil Procedure 23, a motion for class certification involves a two-part analysis. First, under Rule 23(a), the proposed class must satisfy the requirements of "numerosity, commonality, typicality, and fair and adequate representation." *Luiken v. Domino's Pizza, LLC*, 705 F.3d 370, 372 (8th Cir. 2013). Second, the proposed class must meet at least one of the three requirements of Rule 23(b). *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013).

Plaintiffs carry the burden to show that the class should be certified. *See Luiken*, 705 F.3d at 372. This burden is met only if, "after a rigorous analysis," the Court is convinced the Rule 23 requirements are satisfied. *Comcast*, 569 U.S. at 33 (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 341 (2011)).

"To be certified as a class, plaintiffs must meet all of the requirements of Rule 23(a) and must satisfy one of the three subsections of Rule 23(b)." *In re St. Jude Med., Inc.*, 425 F.3d 1116, 1119 (8th Cir. 2005) (citing *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 614, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997); *Blades v. Monsanto Co.*, 400 F.3d 562, 568-69 (8th Cir. 2005)). Plaintiffs carry the burden of showing that they have met those requirements. *See Luiken v. Domino's Pizza, LLC*, 705 F.3d 370, 372 (8th Cir. 2013) (quoting *Coleman v. Watt*, 40 F.3d 255, 258 (8th Cir. 1994)). District courts must engage in a "rigorous analysis" to determine whether the requirements of Rule 23 have been satisfied. *Falcon*, 457 U.S. at 161, 102 S.Ct. 2364 (1982). We will "reverse a certification where there has been an abuse of discretion." *Ebert v. Gen. Mills, Inc.,* 823 F.3d 472, 477 (8th Cir. 2016) (quoting *Smith v. ConocoPhillips Pipe Line Co.,* 801 F.3d 921, 925 (8th Cir. 2015)). A district court abuses its discretion if it commits an error of law. *Sandusky Wellness Ctr., LLC v. Medtox Sci., Inc.*, 821 F.3d 992, 995 (8th Cir. 2016) (citing *In re Zurn Pex Plumbing Prods. Liab. Litig.,* 644 F.3d 604, 616 (8th Cir. 2011)). "[T]he district court's factual findings underlying the certification ruling are reviewed under the 'clearly erroneous' standard." *Ebert*, 823 F.3d at 477 (quoting *Blades*, 400 F.3d at 566).

"[A] decision to certify a class is far from a conclusive judgment on the merits of the case." *In re Zurn Pex Plumbing Prod. Liab. Litig.*, 644 F.3d at 613. For that reason, "Rule 23 grants courts no license to engage in free-ranging merits inquiries at the certification stage." *Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 568 U.S. 455, 466, 133 S.Ct. 1184, 185 L.Ed.2d 308 (2013). "Merits questions may be considered to the extent—but only to the extent—that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied." *Id.* Our primary task is not to determine the final disposition of a plaintiff's claims, but instead to examine whether those claims are appropriate for class resolution. *See In re Zurn Pex Plumbing Prod. Liab. Litig.*, 644 F.3d at 613 (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 469 n. 11, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978)) (explaining that the "tentative" nature of inquiry on a motion for class certification means that a court "must determine only" if Rule 23's requirements have been met).

*Postawko v. Missouri Dep't of Corr.*, 910 F.3d 1030, 1036–38 (8th Cir. 2018).

As Defendants correctly argue, Plaintiff's motion for class certification is based on Count II of Plaintiff's First Amended Complaint. On January 7, 2019, the Court granted summary judgment on Count II, which was brought against the Missouri Department of Corrections' employees for failing to accommodate Plaintiff's alleged back, neck, and leg pain disabilities in relation to bunk beds and mattresses at the Couth Central Correctional Center and at the Moberly Correctional Center. Since Count II is no longer a viable claim, Plaintiff cannot establish that he can fairly and adequately protect the interests of the class, as required by Rule 23(a) of the Federal Rules of Civil Procedure.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Class Action, [Doc.

3

No. 134], is denied.

Dated this 13th day of March, 2019.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE