# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| TERRY G. WATSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:16CV71 HEA |
| KAREY L. WITTY, et al., | ) ) ) |
| Defendants. | ) ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Mike Parson, Anne Precythe, Lori Lewis, and Chantay Godert's Motion to Dismiss, [Doc. No. 370]. Plaintiff opposes the Motion. For the reasons set forth below, the Motion will be granted.

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and deigned to fail, thereby sparing the litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (citing *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp v. Twombly,* 550 U.S. 544, 570 (2007)). The Court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of

the nonmoving party." *Id.* However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not be enough. *Iqbal*, 556 U.S. at 678.

Plaintiff filed his Amended Complaint on December 13, 2016.  The Court granted Plaintiff leave to join Mike Parson, Anne Precythe, Lori Lewis, and Chantay Godert.

Plaintiff's Amended Complaint contains no allegations against Defendants Mike Parson, Anne Precythe, Lori Lewis, and Chantay Godert.  Subsequent to the Court Orders allowing Plaintiff to join these defendants, Plaintiff has not sought leave to file an amended complaint.  While Plaintiff has filed various motions and requests for action from the Court, Plaintiff's current complaint contains no allegations specifically against Defendants Mike Parson, Anne Precythe, Lori Lewis, and Chantay Godert.  Merely articulating the job descriptions of employees against whom suit is brought is insufficient to satisfy the requirements of set out in *Twombly* and *Iqbal*.  "Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. *Rizzo v. Goode,* 423 U.S. 362, 370–71, 375–77, 96 S.Ct. 598, 603–04, 606–07, 46 L.Ed.2d 561 (1976); *Cotton v. Hutto,* 577 F.2d 453, 455 (8th Cir.1978) (per curiam) (respondeat superior theory does not apply in § 1983 suits)." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990).

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, [Doc. No. 370], is granted.

**IT IS FURTHER ORDERED** that Defendants Mike Parson, Anne Precythe, Lori Lewis, and Chantay Godert are dismissed from this action.

Dated this 2nd day of November, 2020.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE