## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OFMISSOURI
## NORTHERN DIVISION

| | | |
|---|---|---|
| **TERRY G. WATSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CASE NO. 2:16CV71 HEA** |
| | ) | |
| **KAREY L. WITTY, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Jeff Allen and Will Jones'

Motions to Dismiss, [Doc. No.'s 408 and 411, respectively].  Although Plaintiff

was given an extension to respond to the Motions, he has failed to do so.  Instead,

Plaintiff filed a Motion for Judgment on the Pleadings, [Doc. No. 416], which

seeks a declaratory judgment against the "State of Missouri and all defendants."

For the reasons set forth below, the Motions to Dismiss are granted.

### Standard of Review

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim

is to test the legal sufficiency of a complaint so as to eliminate those actions

"which are fatally flawed in their legal premises and deigned to fail, thereby

sparing the litigants the burden of unnecessary pretrial and trial activity."  *Young v.*

*City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001). This court "accepts as true

the complaint's factual allegations and grants all reasonable inferences to the non-moving party." *Park Irmat Drug Corp. v. Express Scripts Holding Co.*, 911 F.3d 505, 512 (8th Cir. 2018)(citations omitted).

To survive a 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *McShane Constr. Co., LLC v. Gotham Ins. Co.*, 867 F.3d 923, 927 (8th Cir. 2017), *quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint "must provide 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.' " *Id.*, *quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, *quoting Iqbal*, 556 U.S. at 678; *see also, Metro. Omaha Prop. Owners Ass'n, Inc. v. City of Omaha*, No. 20-1006, 2021 WL 952678, at *2 (8th Cir. Mar. 15, 2021).

## Discussion

### Defendant Allen

Defendant Allen sets forth the factual and procedural background of this matter in his Motion to Dismiss:

Plaintiff's Amended Complaint, brought pursuant to 42 U.S.C § 1983, alleges: Count I (deliberate indifference to serious medical needs in violation of the

8th Amendment concerning leg and back issues), Count II (ADA coordinators'
violation of the ADA in failing to accommodate back, neck and leg pain in relation
to bunk beds/mattresses; specifically, for failure to recognize §38 of the "federal
code" covering veterans and applying to the ADA and rehabilitation act to disabled
veterans), Count III (ADA violation relating to handicap accessibility to housing
units), Count IV (ADA violation by Allen and others in disciplining him with a
conduct violation for failure to follow orders he could not hear), Count V negligent
denial of emergency medical services for a skin condition by Allen and Nurse
Tabitha), Count VI (failure to refer to a medical specialist for skin infections), and
Count VII (deplorable living conditions).

Plaintiff filed Motions for Injunctive Relief pertaining to 1) conditions of
confinement, 2) renewal of omeprazole medication, 3) medication dispensation
time periods, and 4) food visitation rights.

On March 9, 2017, the Court dismissed multiple defendants and denied
plaintiff's motions for injunctive relief. The Court also entered an Order of Partial
Dismissal on March 9, 2017 providing that only Count IV remained against
defendant Allen.

Plaintiff filed multiple Motions to Amend his Complaint By Interlineation,
Motions to Accept Relevant Evidence/Declarations/Newly Discovered Evidence,
and Motions for Discovery, Request for Injunctive Relief, all of which were denied

by the Court on 2/21/18.

Plaintiff was granted leave to join as defendants Will Jones, Chris Sweeten, Cari Collins, Mike Parson, Anne Precythe, Lori Lewis, Chantay Godert, D. Kattelman, and Tamra Crouch. Sweeten, Collins, Parson, Precythe, Lewis, and Godert, have been dismissed. Jones, Kattelman and Crouch have not been served with summons. Even so, the First Amended Complaint makes no allegations against Kattelman and Crouch.

On January 8, 2021, Plaintiff filed a motion titled "Plaintiff's Motion to Abdicate His Demand for Any and All Monetary Compensation Both Compensation and Punitive" by which he abdicates and abandons his claim for money damages and instead "seeks only a declaratory judgment and injunctive relief" setting out the "rights of disabled veterans under Title 38 of the Federal Code to receive health care and reasonable accommodations for said disabilities by the State of Missouri." Plaintiff's Motion's expressed intent to abandon all monetary damage claims and seek only injunctive and declaratory relief concerning disabled veterans' rights under Title 38 of the Federal Code to receive healthcare and accommodations clearly abandons the claim for damages asserted in Count IV  against Defendant Allen. Because plaintiff abandons Count IV, the First Amended Complaint no longer states a claim against Defendant Allen. Accordingly, the Motion to Dismiss Defendant Allen is well taken.

**Defendant Jones**

Plaintiff's First Amended Complaint contains no allegations against Defendants Jones. Merely articulating the job descriptions of employees against whom suit is brought is insufficient to satisfy the requirements of set out in *Twombly* and *Iqbal*. "Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. *Rizzo v. Goode,* 423 U.S. 362, 370–71, 375–77, 96 S.Ct. 598, 603–04, 606–07, 46 L.Ed.2d 561 (1976); *Cotton v. Hutto,* 577 F.2d 453, 455 (8th Cir.1978) (per curiam) (respondeat superior theory does not apply in § 1983 suits)." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). Defendant Jones' Motion to Dismiss is well taken.

**Defendants Kattelman and Crouch**

Plaintiff has failed to perfect service on these two defendants. Pursuant to Rule 4(m), Plaintiff shall show cause within 7 days from the date of this Opinion why these Defendants should not be dismissed for failure to prosecute.

**Plaintiff's Motion for Judgment on the Pleadings**

Plaintiff has filed a Motion for Judgment on the Pleadings as to the State of Missouri, the Missouri Department of Corrections, and all defendants.  Neither the State of Missouri, nor  the Missouri Department of Corrections are defendants in this case, and therefore the motion is denied as moot.  At the current time, there are no claims against any individual defendants for declaratory and/or injunctive relief.

Plaintiff's Motion as it relates to individual defendants is denied as moot.

## Conclusion

Based upon the foregoing analysis,

**IT IS HEREBY ORDERED** that Defendant Jeff Allen's Motion to Dismiss, [Doc. No. 408] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Will Jones' Motion to Dismiss, [Doc. No. 411] is **GRANTED.**

**IT IS FURTHER ORDERED** Plaintiff's Motion for Judgment on the Pleadings, [Doc. No. 416], is **DENIED**.

**IT IS HEREBY ORDERED** that Plaintiff shall, within 7 days from the date of this Opinion, show cause as to why Defendants Kattelman and Crouch should not be dismissed for failure to prosecute.

Dated this 23rd day of March, 2021.


_____

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE